# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### (CHARLESTON DIVISION)

| | |
|---|---|
| MOISES DELEON<br>181 Bridgeway Ct.<br>Roseville CA 95678<br><br>    Plaintiff,<br><br>v.<br><br>FRONTIER of<br>   WEST VIRGINIA, INC.<br>d/b/a:  FRONTIER COMMUNICATIONS<br>1500 MACCORKLE AVE S.E.<br>CHARLESTON, W.VA. 25396<br><br><u>Serve on the Registered Agent</u>:<br>CORPORATION SERVICE COMPANY<br>209 WEST WASHINGTON STREET<br>CHARLESTON, W.VA 25302<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 2:22-cv-00332<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Moises DeLeon (hereinafter, "Plaintiff" or referenced by name), through undersigned counsel, brings this civil action against Defendant Frontier of West Virginia, Inc. doing business as Frontier Communications ("Defendant" or "Frontier"), pursuant to Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. §§ 2000e *et seq*, ("Title VII"), 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") and the West Virginia Human Rights Act, W. Va. Code § 5-11-9 as amended ("HRA"). In support of his claims, Plaintiff DeLeon states as follows:

## INTRODUCTION

1. Plaintiff DeLeon brings this civil action against his former employer Frontier to remedy acts of unlawful employment discrimination practices specifically based upon his race (Hispanic) and ethnic origin (Mexican). Frontier also permitted the creation of a hostile work environment to envelop the Plaintiff and such hostility reached a crescendo when, on July 27, 2020, the Plaintiff arrived to work only to encounter a sign on the exterior of his office door that stated:

**"KEEP THIS OFFICE WHITES ONLY"**

**"GO HOME MOISES"**

**"WETBACK"**

Painted over the word "**Moises**" were crosshairs. Plaintiff DeLeon felt threatened and betrayed by Frontier, to whom he had previously complained about discrimination and harassment only to be dismissed. This racist and threatening act left Plaintiff unable to work for a period time and otherwise emotionally and mentally damaged. After reporting this incident to law enforcement, Plaintiff, in both fear and shock, was forced to take time off from work. Later, the Plaintiff was forced to use additional time off and take leave under the Family Medical Leave Act. Finally, unable to recover from the initial shock and fear of the threat and racism against him, and in light of Frontier's lack of reasonable investigation into the discrimination and harassment against him, Plaintiff was forced to resign from employment in March of 2021. Plaintiff's last day at work was the day he came across this threat, July 27, 2020.

## JURISDICTION & VENUE

2. This Court has subject matter jurisdiction over this civil action pursuant to Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. §§ 2000e *et seq.*, and upon principals of pendent jurisdiction under 28 U.S.C Section 1367 that authorizes supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

3. Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) as the Defendant Frontier maintains and administers the employment records relevant to the Plaintiff in this judicial district, in the County of Kanawha and city of Charleston, West Virgina.

## PARTIES

4. Plaintiff DeLeon is a citizen of the United States and now a resident of state of California. At the time of the unlawful employment discriminatory acts, Plaintiff was a resident of the state of Maryland, county of Frederick. Plaintiff worked out of Frontier's offices in Martinsburg, W.VA. until his forced resignation in March 2021.

5. Defendant Frontier is domestic a corporation of the state of West Virginia whose employees install and maintain telephone and internet services therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has exhausted all required administrative remedies by (1) filing Charge No. 533-2021-00536 with the United States Equal Employment Opportunity Commission, (2) having received a Dismissal and Notice of Right to Sue letter dated May 9, 2022, and (3) bringing this civil action within ninety (90) days of their receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

7. Plaintiff DeLeon incorporates by reference, as if herein written verbatim, all of the allegations contained in paragraphs 1 – 6, *supra*.

8. Plaintiff DeLeon was a Local Manager, responsible for a crew of hourly linemen in Frontier's Potomac and Martinsburg areas of operation.

9. On July 27, 2020, the Plaintiff arrived to work at Frontier's Martinsburg office only to encounter a sign on the exterior of his office door that stated:

**"Keep This Office Whites Only"**

**"Go Home Moises"**

**"Wetback"**

Painted over the word "**Moises**" was a "bullseye" or crosshairs. True and accurate photographs of what was written on Plaintiff's office door are attached hereto as Exhibit A.

10. Plaintiff DeLeon noticed further that someone, later determined to be an agent of Frontier, had begun painting over the words on the door without having informed Plaintiff of their presence or having alerted any law enforcement of the vandalism and violent threat made against him.

11. Plaintiff DeLeon saw these racist and threatening words, as well as the bullseye – crosshairs image, written on the Frontier office door. Plaintiff was shocked and recognized himself to be in danger due to this racist threat. In response, Mr. DeLeon called the local police to report this incident.

12. Prior to finding the racist and threatening graffiti on the office door on July 27, 2020, Plaintiff DeLeon had previously complained to Frontier management on several occasions that a

contingent of Frontier's employees whom he managed were racist against him because of his Mexican ethnicity, and as a result were creating a hostile work environment for him by acting aggressively towards him and refusing to adhere to reasonable work demands. Frontier failed to take reasonable and legally required steps to investigate and mitigate the hostile work environment identified by Plaintiff DeLeon.

13. For instance, in October 2019, Plaintiff DeLeon reported by email and in person to Frontier's Human Resources Department and his supervisors, that he was experiencing discrimination and a hostile work environment. As an example, Plaintiff reported that a known white supremacist sticker of a white clenched fist appeared on the refrigerator in the very same office in Martinsburg as the later racist and threatening words and image on the exterior office door appeared. Likewise, on June 30, 2020, Plaintiff informed John Tipton, Frontier Director of Operations – West Virginia, that three grievances filed against him were the result of discrimination and harassment against him by Caucasian members of his team, and Plaintiff further cited examples of Caucasian managers being treated differently than he was being treated.

14. Frontier refused to conduct a reasonable investigation into these reports. Moreover, on June 30, 2020, Mr. Tipton dismissed Plaintiff DeLeon's claims entirely, telling him that he "had no proof." Frontier's deliberate and negligent failure to investigate forced Plaintiff DeLeon to work in an environment where hate for non-whites was not only tolerated and accepted but ratified, either explicitly or implicitly, by Frontier. Frontier's failure to investigate sent a strong message that perpetrators of discrimination and harassment could act with impunity, which culminated in the racist and threatening words and image being painted on his office door of July 27, 2020.

15. As a result of the racist and threatening words and image on July 27, 2020, which was the direct result and responsibility of Frontier's continuing failure to address the hostile work

environment that Mr. DeLeon had brought to Frontier's attention prior to that time, Plaintiff DeLeon also felt threatened and betrayed by Frontier and the men he supervised. This overt racism and threat against his person, as indicated in particular by the bullseye – crosshairs image written on the office door, left Plaintiff DeLeon totally and completely emotionally traumatized, disabled, and fearful for his physical safety.

16. After reporting this incident to law enforcement, in reasonable fear for his life, Plaintiff was forced to take time off from work.

17. Unable to return to work, Plaintiff was forced to extend his time off by exercising his rights to take unpaid leave under the Family and Medical Leave Act ("FMLA").

18. During this extended leave from work, Plaintiff Deleon sought treatment for his emotional trauma caused by the horrific treatment that he had endured at Frontier, to include the incident of July 27, 2020.

19. After exhausting his FMLA – unpaid leave time, as well as additional, unpaid time off work, Plaintiff DeLeon was forced to resign in March 2021. Plaintiff resigned his position at that time because he felt that he could not safely return to work for Frontier in its Martinsburg location. The racist, violent words and image (i.e., the bullseye – crosshair), against the backdrop of the racist, hostile work environment that he had been required to endure prior to that time, caused him to conclude that he could not safely return to work for Frontier. Additionally, since the incident of July 27, 2020, Plaintiff learned that in essence, Frontier was claiming that Plaintiff had written the racist words and the violent image on the office door. Plaintiff had not done so and the fact that Frontier made this assertion concerning Plaintiff caused Plaintiff to conclude that Frontier, once again, had not taken his allegations of race discrimination and harassment seriously, and that they had not, and would not, take appropriate steps to ensure that such would not occur in the

future. Moreover, Plaintiff later learned, through information submitted by Frontier to the EEOC, that it was asserting that Plaintiff had orchestrated the placement of the racist words and violent image on the office door on July 27, 2020, even though its own records demonstrated that Plaintiff was not in the area of the Martinsburg office during the window of time when it presumably had been written on the door. In effect, Frontier determined that it would "blame the victim" of this egregious, racist and violent conduct, even though it had information which demonstrated that he did not cause such to occur.

20. Consistent with its past behavior, Frontier failed to conduct a reasonable investigation into this threat upon Plaintiff DeLeon's life. For instance, despite having annual revenue exceeding hundreds of millions of dollars, Frontier never offered any reward for information leading to the arrest and conviction of the perpetrator or perpetrators of this racism and threat against Plaintiff DeLeon. Upon information and belief, Frontier also failed to conduct a reasonable investigation into members of Plaintiff DeLeon's team or their union regarding the incident. Additionally, as noted above, Frontier began asserting that Plaintiff had in fact written the racist and violent words and image on the office door, despite having evidence which demonstrated that he had not done so. Defendant Frontier thus continued to tolerate, facilitate, and perpetuate the pattern of racist conduct against Plaintiff, despite repeated specific requests to investigate and intervene on behalf of Plaintiff DeLeon.

21. As described above, Frontier's refusal to conduct a reasonable investigation into discrimination and harassment against Plaintiff DeLeon is an adverse employment action which directly caused Plaintiff to conclude that he could not safely return to work, without facing a significant likelihood that he would be physically harmed or even killed as a result of his race.

## COUNT I
### (Violation of Title VII of the Civil Rights Act of 1964 –
### 42 U.S.C. 2000e Race Discrimination)

22. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 21, *supra*, as if written herein verbatim.

23. As explained above, Defendant Frontier violated Title VII of the Civil Rights Act of 1964 by subjecting Plaintiff DeLeon to racial discrimination during his employment.

24. As a result of this unlawful discrimination, Plaintiff DeLeon has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, damage to his career, personal and professional embarrassment, and humiliation, emotional pain and suffering, and loss of enjoyment of life. Plaintiff is entitled to an award of compensatory damages, as well as backpay and front pay, because of Defendant's wrongful, illegal conduct.

25. Moreover, Defendant Frontier, by repeatedly refusing to investigate Plaintiff's allegations that he was being discriminated against and harassed because of his race, which culminated in the horrific events of July 27, 2020, and the subsequent attempts by the Company to falsely blame Plaintiff for causing such, tolerated, facilitated, and perpetuated the egregious, racist conduct towards Plaintiff. Such conduct by Frontier reflected malice and personal, ill will towards Plaintiff for which an award of punitive damages should be given.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. 2000e - Hostile Work Environment)

26. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 25, *supra*, as if written verbatim herein.

27. The pattern of discrimination and harassment based upon Plaintiff's race and ethnicity, which is explained above, directly led to the horrific events of July 27, 2020. This pattern of conduct was unwelcome conduct that was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment, and constituted a hostile work environment in violation of Title VII, 42 U.S.C. 2000e. This included the horrific events of July 27, 2020, after which Plaintiff was not able to return to work.

28. As a result of these violations, Plaintiff DeLeon has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, career damages, personal and professional embarrassment, and humiliation, emotional pain and suffering, and loss of enjoyment of life. Plaintiff is entitled to an award of compensatory damages, as well as backpay and front pay, because of Defendant's wrongful, illegal conduct.

29. Moreover, Defendant Frontier, by repeatedly refusing to investigate Plaintiff's allegations that he was being discriminated against and harassed because of his race, which culminated in the horrific events of July 27, 2020, and the subsequent attempts by the Company to falsely blame Plaintiff for causing such, tolerated, facilitated, and perpetuated the egregious, racist conduct towards Plaintiff. Such conduct by Frontier reflected malice and personal, ill will towards Plaintiff for which an award of punitive damages should be given.

## COUNT III
### Violations of 42 U.S.C. § 1981

30. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 29, *supra*, as if written verbatim herein.

31. Defendant Frontier's discrimination against Plaintiff and the hostile work environment which he was required to endure, which are explained above, violated his rights under the Civil Rights Act of 1866, 42 U.S.C. §1981.

32. The pattern of discrimination and harassment based upon Plaintiff's race and ethnicity, which is explained above, directly led and contributed to the horrific events of July 27, 2020. This pattern of conduct was unwelcome conduct that was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment, and constituted an illegal, hostile work environment based on race and ethnicity in violation of Plaintiff's rights to make and enforce contracts on an equal basis regardless of race under 42 U.S.C. § 1981. This included the horrific events of July 27, 2020, after which Plaintiff was not able to return to work.

33. As a result of these violations, Plaintiff DeLeon has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, career damages, personal and professional embarrassment, and humiliation, emotional pain and suffering, and loss of enjoyment of life. Plaintiff is entitled to an award of compensatory damages, as well as backpay and front pay, because of Defendant's wrongful, illegal conduct. Plaintiff is entitled to an award of compensatory damages, as well as backpay and front pay, because of Defendant's wrongful, illegal conduct.

34. Moreover, Defendant Frontier, by repeatedly refusing to investigate Plaintiff's allegations that he was being discriminated against and harassed because of his race, which culminated in the horrific events of July 27, 2020, and the subsequent attempts by the Company to falsely blame Plaintiff for causing such, tolerated, facilitated, and perpetuated the egregious, racist conduct towards Plaintiff. Such conduct by Frontier reflected malice and personal, ill will towards Plaintiff for which an award of punitive damages should be given.

## COUNT IV
### Violations of the West Virginia Human Rights Act
### (W. Va. Code § 5-11-9)

35. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs 1 – 34, *supra*, as if written verbatim herein.

36. Based upon the conduct explained above, Defendant Frontier violated the West Virginia Human Rights Act by failing to make any reasonable efforts to stop the discriminatory and harassing conduct in the workplace directed against Plaintiff, which occurred because of his race and ethnicity, despite having notice of the existence of discrimination and a hostile work environment.

37. As a result of these violations, Plaintiff DeLeon has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, career damages, personal and professional embarrassment, and humiliation, emotional pain and suffering, and loss of enjoyment of life. Plaintiff is entitled to an award of compensatory damages, as well as backpay and front pay, because of Defendant's wrongful, illegal conduct.

38. Moreover, Defendant Frontier, by repeatedly refusing to investigate Plaintiff's allegations that he was being discriminated against and harassed because of his race, which culminated in the horrific events of July 27, 2020, and the subsequent attempts by the Company to falsely blame Plaintiff for causing such, tolerated, facilitated, and perpetuated the egregious, racist conduct towards Plaintiff. By engaging in such conduct, Frontier ignored the fact that its failure to respond to Plaintiff's complaints violated its legal obligations, which reflected malice and personal, ill will towards Plaintiff for which an award of punitive damages should be given.

## PRAYER FOR RELIEF

WHEREFORE, as a result of Defendant's wrongful conduct, Plaintiff Moises DeLeon requests that this Honorable Court enter judgment against Defendant and award damages and order equitable relief as follows:

      A.      Award compensatory and punitive damages to Plaintiff in an amount to be determined at trial, in excess of $75,000.00;

      B. Order Defendant to conduct comprehensive training concerning non-discrimination under Title VII and other applicable human rights law, for all employees of Defendant; and

      C. Award Plaintiff his reasonable attorneys' fees and costs for bringing this action, pre- and post-judgment interest, and any other relief which this Court deems to be fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff Moises DeLeon respectfully demands a trial by jury on all issues so triable.

Respectfully Submitted,

Moises DeLeon,

Plaintiff,

By Counsel

/s/ Kirk Auvil
Kirk Auvil
The Employment Law Center, PLLC
1208 Market Street
Parkersburg, W.VA. 26101
T: 304-485-3058
F: 304-485-6344
auvil@theemploymentlawcenter.com

John B. Flood (*pro hac vice* to be filed)
Anthony J. Marcavage (*pro hac vice* to be filed)
Michael G. Raimondi (*pro hac vice* to be filed)
Flood Marcavage Law LLC
1 Research Court, Suite 450
Rockville, MD 20850
Phone:(240) 599-8024
john@fmlaw.org
anthony@fmlaw.org
mraimondi@fmlaw.org

*Counsel for Plaintiff*